Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Katiria Torres Barreto<br><br>Persona Custodia<br>Recurrente<br><br>vs.<br><br>Emar Rivera Arocho<br><br>Persona no Custodia<br>Recurrido | KLRA202400133 | **REVISION ADMINISTRATIVA** procedente del Depto. de la Familia, Adm. para el Sustento de Menores, Sala Adm. de Aguadilla<br><br>Caso Núm.: 0516480<br><br>Sobre: Alimentos-(Revisión) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2024.

Comparece ante nos, la señora Katiria Torres Barreto (Sra. Torres Barreto o recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Resolución" emitida el 14 de noviembre de 2023, por el Departamento de la Familia. Mediante dicha determinación, se declaró Con Lugar el "Recurso de Revisión" presentado por el señor Emar Rivera Arocho (Sr. Rivera Arocho o recurrido).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El 14 de noviembre de 2023, el Departamento de la Familia emitió una "Resolución" mediante la cual adoptó las siguientes determinaciones de hecho, las cuales hacemos formar parte íntegra del presente dictamen:

Número Identificador

SEN2024 _____

1. *La Sra. Katiria Torres Barreto es la madre y persona custodia del menor alimentista registrado en el caso, quien presentó ante la Administración de sustento de menores (ASUME), una Petición de revisión de pensión alimentaria a favor de éste, con fecha de firma el 22 de febrero de 2019.*

2. *La pensión alimentaria de origen administrativo y vigente a la fecha de la Petición era por la cantidad de $171.00 mensual, efectivo al 21 de mayo de 2013.*

3. *De febrero de 2019 al 28 de julio de 2021 no hay registrado en el expediente de la agencia alguna incidencia en el caso.*

4. *El 29 de julio de 2021 la persona custodia radicó una Moción en seguimiento a la moción de febrero de 2019.*

5. *De febrero de 2019 al 23 de febrero de 2023 no se registraron en el expediente incidencias ni esfuerzos de localización del alimentante por parte del personal de la agencia.*

6. *El 24 de febrero de 2023 la Administradora de la ASUME emitió una Notificación de alegación de revisión y modificación de pensión alimentaria para notificar a las partes la intención de revisar la orden de alimentos a petición de la persona custodia.*

7. *La Notificación indica en el inciso 1 que el 22 de febrero de 2019 la persona custodia solicitó a la ASUME una revisión y modificación de la pensión alimentaria.*

8. *El Sr. Emar Rivera Arocho es el padre y persona no custodia del alimentista, a quien se le notificó el proceso mediante el documento Notificación de Alegación de Revisión y Modificación de Pensión Alimentaria enviado por correo certificado y cuyo acuse de recibo consta en el expediente de la agencia con fecha de firma el 3-11-23.*

9. *Consta en el expediente que el señor Rivera Arocho radicó una Comparecencia ante el Administrador de la Administración para el Sustento de Menores con fecha de firma el 28 de marzo de 2023.*

10. *En la Comparecencia en el inciso 1 indicó que recibió la Notificación el 21 de marzo de 2023, y en el inciso 2 indicó tener la intención de participar del proceso que la agencia sigue para determinar si procede la revisión y modificación de la pensión alimentaria.*

11. *Ambas partes radicaron sus respectivas planillas de información personal y económica (PIPE) con anejos: el alimentante el 11 de abril de 2023 y la persona custodia el 17 de abril de 2023.*

12. *En la PIPE de la persona custodia anejó: talonario del 4/14/23; contrato de arrendamiento del 28 de noviembre de 2022; tarifas del plan médico First Medical 2023; listado de libros semestre 2022-2023 de*

*Los Pinos Bilingual School; certificación de gastos de estudios año escolar 2022-2023 con fecha del 31 de marzo de 2023; y carta suscrita por la persona a cargo del cuido del menor del 3 de abril de 2023.*

*13. En la PIPE del alimentante anejó cuatro talonarios correspondientes a las semanas del año 2023: 29/1 al 4/2; 12 al 18 de febrero; 26/2 a 4/3; y, 12 a 18 de marzo.*

*14. La administradora de la ASUME emitió una Resolución sobre revisión de pensión alimentaria el 24 de abril de 2023, en la cual modificó la orden de alimentos a $612.00 mensual efectivo al 1 de febrero de 2019.*

*15. Habiéndose determinado sobre la revisión de la pensión el 24 de abril de 2023 con efectividad retroactiva al 1 de febrero de 2019, la Resolución indica que por concepto de retroactividad de la pensión existen atrasos de $24,714.00, y que para el saldo de la deuda se le ordena, además, pagar la cantidad de $91.00 mensual por concepto de plan de pago.*

*16. La Resolución indica que ambas partes comparecieron a los procedimientos y a la reunión citada por la especialista de pensiones alimentarias.*

*17. El 15 de mayo de 2023 el alimentante compareció por derecho propio ante la Sala Administrativa mediante Moción por Derecho Propio.*

*18. La sala acogió la moción como un recurso de Revisión y citó a vista administrativa mediante videoconferencia para el 6 de junio de 2023.*

*19. El 5 de junio de 2023 la Lcda. Elyvette Fuentes Cosme radicó una Moción Anunciando Representación Legal de la persona custodia.*

*20. A la vista celebrada el 6 de junio de 2023 compareció la persona custodia y su representante legal, la Lcda. Elyvette Fuentes Cosme; el alimentante por derecho propio; y la Procuradora Auxiliar, Lcda. Evelyn González Rodríguez. A ambas partes se les tomó juramento.*

*21. En la vista el alimentante reiteró su solicitud de Revisión de la determinación emitida por la Administradora de la ASUME.*

*22. La representante legal de la persona custodia se opuso al recurso de Revisión y solicitó que se mantuviera la Resolución emitida por la agencia.*

*23. La Procuradora Auxiliar de la ASUME expresó que: el caso estuvo pendiente por mucho tiempo; que no se veía en el expediente electrónico que se hubiera solicitado información del alimentante en el 2019, 2020 ni 2021; que la especialista debió trabajar la pensión*

*alimentaria de forma escalonada y; que la pensión debía ser válida desde que se peticionó.*

*24. El 6 de junio de 2023 la sala emitió por escrito una Orden dada al alimentante en sala, a los efectos de proveer copia de talonario correspondiente a la primera semana de febrero y el último recibido en diciembre de 2019, y la W-2 del año 2019. Fue notificada el 8 de junio.*

*25. El 20 de junio de 2023 la abogada de la persona custodia radicó una Moción Informativa y en Solicitud de Orden. Indicó que le refirió su dirección postal al alimentante, según acordado en la vista, pero que el alimentante incumplió con enviarle la información ordenada.*

*26. El 20 de junio de 2023, el Sr. Emar Rivera Arocho, persona no custodia, radicó a través de un representante legal, el Lcdo. José Luis Plaza Delestre, una Moción de Relevo de Resolución por Falta de Jurisdicción sobre la Persona. En esta expuso las razones por las cuales entendía que la ASUME incumplió con todos los preceptos del debido proceso de ley al no notificar oportunamente la solicitud de revisión de la persona custodia.*

*27. El 24 de agosto compareció la licenciada Fuentes Cosme mediante Moción en Solicitud de Orden y/o Resolución en la que expuso que el alimentante incumplió con la orden emitida por la sala, que el representante legal del alimentante radicó una moción que le notificó a la persona custodia pero no a ella como su representante legal, y solicitó que se declarara no ha lugar el recurso de revisión.*

Tras un análisis del derecho y los hechos antes reseñados, el Departamento de la Familia determinó que el Sr. Rivera Arocho no tuvo una oportuna notificación de los procedimientos, toda vez que este fue notificado de la petición de revisión de pensión alimentaria en el año 2023, o sea, cuatro (4) años después de radicada la misma. A su vez, concluyó que la modificación no podía hacerse retroactiva al año 2019, puesto que ésta se computó a base de los ingresos que las partes generaban en el año 2023. Por ello, modificó la Resolución sobre revisión alimentaria emitida el 24 de abril de 2023, a los únicos efectos de que la pensión alimentaria revisada sería efectiva al 24 de febrero de 2023, fecha en que el recurrido fue notificado y se iniciaron los procedimientos.

Oportunamente, la Sra. Torres Barreto presentó "Moción en Solicitud de Reconsideración" y, en síntesis, argumentó que al recurrido se le salvaguardó su debido proceso de ley, ya que éste tuvo oportunidad de presentar prueba y de poder estar presente en los procedimientos.

Atendida su petición, el 2 de febrero de 2024,[1] el Departamento de la Familia emitió "Resolución sobre el Recurso de Reconsideración", y declaró No Ha Lugar la "Moción en Solicitud de Reconsideración" presentada por la recurrente.

Aún insatisfecha, la Sra. Torres Barreto recurre ante este foro apelativo intermedio, y señala la comisión del siguiente error, a saber:

> 1. Erró la Administración para el Sustento de Menores, Sala Administrativa de Aguadilla, al determinar que no se cumplió con el debido proceso de ley y modificar la fecha de efectividad de la revisión de pensión alimentaria.

**II.**

**-A-**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad de un tribunal para considerar y decidir casos o controversias". *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 2022 TSPR 49. Por consiguiente, los foros judiciales de Puerto Rico tienen autoridad para atender cualquier causa de acción, salvo que no tengan jurisdicción sobre la materia. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

---

[1] Notificada el 9 de febrero de 2024.

La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, [s.l.], [ed. del autor], 2010, pág. 25. "[P]ara privar a un 'tribunal de jurisdicción general' de su actividad para entender en algún asunto en particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria". D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme 582 (3ra ed. 2013). La ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al v. ELA et al, 204 DPR 89, 101-102 (2020).*

Si un tribunal carece de jurisdicción, sólo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, *supra*, a la pág. 660. La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enumera los criterios que dicho foro deberá considerar para poder decidir si atiende o no las controversias que le son planteadas. *Pueblo v. Ríos Nieves, supra.* La referida regla dispone que, al determinar si el recurso fue presentado en la etapa más oportuna para su consideración, el tribunal considerará los siguientes factores, a saber:

> *(1) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. (2) Si la situación de hechos planteada es la más indicada para el análisis del problema. (3) Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba*

*por el Tribunal de Primera Instancia. (4) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados. (5) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. (6) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio. (7) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

## -B-

La Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 LPRA sec. 9655, (LPAU) rige el procedimiento por el cual la parte perjudicada por una determinación administrativa puede solicitar reconsideración ante la agencia. En lo pertinente, la precitada regla dispone que:

> *La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.*

Presentada la moción de forma oportuna, la agencia tendrá 15 días para considerarla, contados a partir de la presentación de la moción. *Íd.* Dentro del referido término de 15 días, la agencia podrá hacer tres cosas, a saber: (1) acoger la moción; (2) rechazarla; o (3) no actuar. A esos efectos, la LPAU provee que:

> *Si la rechazare de plano o no actuare dentro de los quince (15) días,* **el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días,** *según sea el caso. Si se tomare alguna determinación en su consideración,* **el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.** *Íd.*

(Énfasis nuestro).

En cuanto al término para solicitar revisión judicial, la Sec. 4.2 de la LPAU, 3 LPRA sec. 9672, establece que:

*Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones,* **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**.

(Énfasis suplido).

### III.

Según revela el tracto procesal discutido, el Departamento de la Familia emitió una "Resolución" el 14 de noviembre de 2023. Oportunamente,[2] la Sra. Torres Barreto solicitó la reconsideración del dictamen. Atendida su petición, el 2 de febrero de 2024, **notificada el 9 de febrero de 2024**, el Departamento de la Familia declaró No Ha Lugar la "Moción en Solicitud de Reconsideración" presentada por la recurrente.

Cónsono con el marco legal expuesto en el acápite anterior, la parte adversamente afectada por una orden o resolución final de una agencia posee un término de treinta (30) para solicitar revisión judicial, a computarse a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. No obstante, este término queda interrumpido mediante la oportuna presentación de una moción de reconsideración. En cuyo caso, **el término de treinta (30) días para solicitar revisión judicial comienza a computarse**: (1) desde que se notifique la denegatoria de la reconsideración; (2) a partir de que expiren los quince (15) días que la agencia posee para considerar la reconsideración, en cuyo caso se entenderá rechazada de plano; o (3) **si la agencia acoge la reconsideración**, **desde la fecha en que**

---

[2] Aunque del apéndice no surge la fecha en que se notificó la "Resolución", en la "Resolución sobre el Recurso de Reconsideración" se hizo constar que la petición presentada por la recurrente fue oportuna.

**se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración**.

En el presente caso, la recurrente solicitó oportunamente la reconsideración de la "Resolución" emitida por el Departamento de la Familia. Por consiguiente, el término de treinta (30) días para solicitar revisión judicial quedó debidamente interrumpido. La agencia administrativa acogió su solicitud y, mediante "Resolución sobre el Recurso de Reconsideración" emitida el 2 de febrero de 2024, **y notificada el 9 de febrero de 2024**, declaró No Ha Lugar la petición de reconsideración presentada por la Sra. Torres Barreto.

Por ende, el término de treinta (30) días para solicitar revisión judicial comenzó a transcurrir el **9 de febrero de 2024**, fecha en que el Departamento de la Familia archivó en autos copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. **Siendo ello así**, **la recurrente tenía hasta el 11 de marzo de 2024 para recurrir ante este Tribunal de Apelaciones**. **No obstante**, **el mismo fue radicado el 14 de marzo de 2024**, **luego de transcurrido el término de treinta (30) días dispuesto en la LPAU**. **En palabras sencillas**, **la Sra. Torres Barreto recurrió ante esta segunda instancia judicial de forma tardía y**, **consecuentemente**, **no tenemos jurisdicción para atender el asunto y debemos desestimar el recurso**.

Debemos aclarar que, en su recurso, la recurrente alega que la "Resolución sobre el Recurso de Reconsideración" le fue notificada el 12 de febrero de 2024. No obstante, **del apéndice surge que esta determinación fue notificada el 9 de febrero de**

**2024**, **y no se nos ha puesto en posición para concluir lo contrario**.[3]

### IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por la señora Katiria Torres Barreto, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Véase, apéndice pág. 25.